UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CUNNINGHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-00270-EFB (PC)<br><br><br>ORDER |

    Plaintiff is a county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he has also filed an application to proceed in forma pauperis (ECF No. 2). The court will grant his application and screen the complaint.

Application to Proceed in Forma Pauperis

    The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Screening Order

The gist of plaintiff's complaint is that he suffers from epilepsy and has a history of seizures. He alleges that since his arrival at the Sacramento County Main Jail on December 26, 2022, he has been improperly housed in an upper bunk and denied a safety helmet. The

complaint and its exhibits suggest that plaintiff did not receive a chrono for a lower bunk until January 17, 2023. ECF No. 1 at 5, 9, 13. Despite the chrono, it appears that plaintiff remained housed in an upper bunk as of January 23, 2023, when he drafted the complaint. The complaint describes an instance when plaintiff fell out of bed because of a seizure, resulting in a broken jaw, neck and back injuries, lost teeth, and facial scarring. *Id.* at 4, 6. Although not entirely clear, it seems that this incident occurred before plaintiff arrived at the Sacramento County Main Jail and is what led to a recommendation that he wear a safety helmet at all times. *Id.* at 4-5. According to plaintiff, his history of seizures is "on file" and even though he informed the intake nurse about his seizures and need for a helmet, the nurse did not properly house him or address his safety concerns. *Id.* at 4. The "medical department" also knew about plaintiff's serious medical needs. *Id.* Unnamed "officers" also knew that plaintiff was epileptic and that he was housed in an upper bunk. *Id.* at 5. Plaintiff claims that the Sacramento County Sheriff's Office and numerous unidentified officers and medical staff have been deliberately indifferent to his serious medical needs.[1]

Deliberate indifference to serious medical needs consists of two requirements, one objective and the other subjective. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (quoting *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995)). The plaintiff must first establish a "serious medical need" by showing that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050,

/////

---

[1] After filing his complaint, plaintiff submitted additional exhibits to the court for filing in a piecemeal fashion. *See* ECF Nos. 4 & 6. While plaintiff may attach exhibits to his complaint, randomly submitting exhibits to the court is unnecessary. The court is not a repository for plaintiff's evidence, and plaintiff shall not file documentary evidence in support of his claims unless it is necessary for the resolution of a motion or presentment at trial. In the event plaintiff amends his complaint, he must file an amended complaint that is complete within itself without reference to prior or future filings. Filing separate documents that are intended to be read together as one is not the proper means of amending or supplementing a complaint. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

1059 (9th Cir. 1991)). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* (citing *McGuckin*, 974 F.2d at 1060).

Here, plaintiff's allegations satisfy the objective requirement that he had a serious medical need. The allegations do not, however, include sufficient facts to satisfy the subjective component of the deliberate indifference standard. The subjective element is satisfied where prison officials "deny, delay or intentionally interfere with medical treatment." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Inadequate treatment due to medical malpractice, negligence, or even gross negligence, does not rise to the level of a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (quoting *Estelle*, 429 U.S. at 105-06); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

The complaint does not demonstrate that any defendant responded to plaintiff's medical needs with deliberate indifference. For example, with respect to the intake nurse, it is not clear whether the nurse was responsible for plaintiff's bunk assignment or had authority to provide plaintiff with a safety helmet. Assuming the nurse had such authority, the complaint does not allege why the nurse assigned plaintiff to an upper bunk or denied plaintiff's request for a safety helmet. The same is true for the "medical department." Plaintiff must plead at least some facts suggesting that in denying plaintiff a lower bunk chrono or a safety helmet, a specific defendant showed a conscious disregard of serious harm to plaintiff.[2] As drafted, the complaint fails to accomplish this. As for the unnamed officers who both knew that plaintiff was assigned to an upper bunk and that he was epileptic, it is not clear how they acted with deliberate indifference either. Plaintiff alleges the officers "were advised" that plaintiff was to be housed in an upper bunk. ECF No. 1 at 5. Plaintiff does not allege that the officers had the authority to override a

---

[2] An exhibit to the complaint notes that on January 23, 2023, an "MD" denied plaintiff's request for a helmet. ECF No. 1 at 12. The complaint does not identify this medical doctor by name nor does it offer any reasoning for the doctor's decision.

housing assignment. If plaintiff had a chrono for a lower bunk and the officers refused to accommodate it, plaintiff must make this clear in any amended complaint.

Moreover, plaintiff must have suffered some type of pain or harm that is more than *de minimis* in order to implicate the Eighth Amendment.[3] *See also Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) ("delay of surgery, without more, is insufficient to state a clam of deliberate medical indifference ... unless the denial was harmful"). Plaintiff's allegations regarding the fall that resulted in serious injuries suggest that the fall occurred sometime prior to his arrival at the Sacramento County Main Jail on December 26, 2022. Plaintiff should make clear in any amended complaint how he has been harmed since his arrival at the Sacramento County Main Jail because of the denial of a lower bunk and a safety helmet.

Plaintiff has not sufficiently pleaded a claim against the Sacramento County Sheriff's Office. A municipal entity or its departments is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). Local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). Plaintiff vaguely alleges a "pattern of abuse," but this is not enough to satisfy the pleading requirements for a claim against a county. *See* ECF No. 1 at 2.

Finally, the court notes that plaintiff's complaint fails to identify any individual defendants by name. The use of such "Doe" defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary. Should

---

[3] If plaintiff is a pretrial detainee, the court notes that his claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Nevertheless, the same standards are applied. *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010).

plaintiff learn the identity of a "Doe," he may move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add him as a defendant. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003). Unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

For all of these reasons, plaintiff's complaint is dismissed with leave to amend.

### Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

/////
/////
/////
/////

<u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Sacramento County Sheriff filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and
4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: June 9, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE