UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CUNNINGHAM, | No. 2:23-cv-00270-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF'S OFFICE, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After the court dismissed the original complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim, plaintiff was granted leave to file an amended complaint in an attempt to state a cognizable claim. ECF No. 7. Plaintiff has now filed an amended complaint (ECF No. 9), which the court screens herein.[1]

As in the original complaint, plaintiff purports to bring an Eighth Amendment claim of

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

deliberate indifference to his serious medical needs. The allegations in the amended complaint are similar to the allegations in the prior complaint, set forth in this court's earlier screening order. *See* ECF No. 7 at 2-3. Briefly, plaintiff alleges that he suffers from epilepsy and requires a seizure helmet. ECF No. 9 a 4. He alleges that defendants at the jail failed to accommodate his medical chronos for a lower bunk and to supply a seizure helmet. *Id.* at 4-6.

The timing and specific facts of these alleged events are unclear from plaintiff's lengthy, disorganized pleading, which does not satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Here, as in the original complaint, the amended complaint fails to state a claim against the Sacramento County Sheriff's Office, as it does not allege specific facts showing that this municipal defendant's employees caused him a constitutional injury by acting pursuant to a policy or custom. *See* ECF No. 7 at 5. The amended complaint names six individual defendants, consisting of two doctors and four correctional officers (*id.* at 1-2), but does not allege specific facts linking their actions to any constitutional injury suffered by plaintiff. *See, e.g., id.* at 16 (conclusory statement that doctors Fadaki and Babu "were deliberately indifferent to my serious medical needs"). Plaintiff alleges that, on January 25, 2023, he suffered a seizure while "inappropriately housed" in an upper bunk and injured his back and forehead. *Id.* at 17. He appears to allege that defendant officers Duran and Bigzi "failed to accommodate lower tier/lower

bunk chrono." *Id.* But without more factual detail, and in the absence of the required short and plain statement of plaintiff's claims, the amended complaint fails to cure the defects outlined the June 9, 2023 screening order. Thus, the amended complaint is subject to dismissal.

In an abundance of caution, plaintiff will be granted one last opportunity to amend the complaint in an attempt to state a cognizable claim. Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

////
////
////
////

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 9) is dismissed with leave to amend within 30 days of service of this order.

2. Failure to comply with this order may result in dismissal of this action.

Dated: December 19, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE