UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CUNNINGHAM,<br><br>              Plaintiff,<br><br>       v.<br><br>CONDON, et al.,<br><br>              Defendants. | No.  2:23-cv-00270-EFB (PC)<br><br><br>ORDER |

Plaintiff is a county jail inmate proceeding pro se. On December 12, 2023, the court dismissed plaintiff's amended complaint with leave to amend. ECF No. 12. Plaintiff has filed a second amended complaint (ECF No. 13), which is before the court for screening.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff alleges that he suffers from epilepsy. ECF No. 13. Defendants are two Sacramento County Main Jail ("Jail") employees (Condon and Biagi) who reviewed grievances filed by plaintiff complaining that, due to his epilepsy, it was unsafe to house plaintiff on the upper tier of the Jail, and two doctors at the Jail (Fadaki and Babu) who were "aware of the decisions and circumstances regarding Plaintiff's safety concerns." *Id.* at 3-4. Plaintiff alleges that Condon and Biagi, having been made aware of the danger posed by housing plaintiff on the upper tier, failed to act to prevent him from falling on the stairs during a seizure. *Id.* at 3. Plaintiff remains housed on the upper tier. *Id.* at 4.

The complaint states a potentially cognizable claim for relief for violation of plaintiff's rights under the Eighth Amendment against defendants Condon and Biagi pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). However, the complaint does not state facts showing that

Fadaki and Babu were personally involved in any action or decision concerning plaintiff's housing placement. Accordingly, plaintiff has failed to state a claim against Fadaki and Babu. Plaintiff will be provided one last opportunity to state a viable claim against these defendants.

## Leave to Amend

If Plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). The amended complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The Court will not infer the identity of defendants, nor the existence of allegations that have not been explicitly set forth in the amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id*. The amended complaint should include only claims that are related because they concern the same event (or series of related events) or the same defendant.

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint, and must include the allowed claim against defendant Bradley. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). The amended complaint must explain the relevance of any document appended to it. The Court will not infer any allegation or claim based solely on the content of documents attached to the amended complaint.

Finally, the court notes that any amended complaint should be as concise as possible in

fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended complaint (ECF No. 13) states potentially cognizable Eighth Amendment claims against defendants Condon and Biagi.

3. Plaintiff's claims against defendants Fadaki and Babu are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

4. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file a third amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

5. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: August 12, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CUNNINGHAM,<br><br>        Plaintiff,<br><br>   v.<br><br>CONDON, et al.,<br><br>        Defendants. | No. 2:23-cv-00270-EFB (PC)<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the Eighth Amendment claims identified in the Screening Order against defendants Condon and Biagi.

OR

(2) _____ delay serving any defendant and file a third amended complaint.

_____
                             Plaintiff

Dated: